FILED

2016 JUN -2 PM 4:38

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: ___Th___ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE R. MARTIN,<br>CDCR #E-17299,<br><br>                              Plaintiff,<br><br>     vs.<br><br>D. PARAMO, Warden, et al.,<br><br>                              Defendants. | Case No.: 3:16-cv-00545-BEN-KSC<br><br>**ORDER:**<br><br>**1) DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2];**<br><br>**2) DENYING PLAINTIFF'S MOTIONS CONSENTING, REQUESTING JUDICIAL NOTICE AND FOR PRELIMINARY INJUNCTION [ECF Nos. 4, 10, 13];**<br><br>**AND**<br><br>**3) DISMISSING CIVIL ACTION AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1)** |

LANCE R. MARTIN ("Plaintiff"), who was incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, when he brought this action *pro*

1

*se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.)[1] Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a); instead, he submitted a certified copy of his inmate trust account statement which the Court liberally construes as a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

Plaintiff has also filed a motion and other documents seeking permission to proceed before a magistrate judge (ECF Nos. 4, 6, 9), a request for "Judicial Notice" (ECF No. 10), and a Motion for Preliminary Injunction (ECF No. 13).

## I. Motion to Proceed IFP

"[A] federal litigant who is too poor to pay court fees may proceed *in forma pauperis*. This means that the litigant may commence a civil action without prepaying fees or paying certain expenses." *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015). "All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). "Prisoners," like Plaintiff, however, "face an additional hurdle." *Id.* The Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> [I]f [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

---

[1] Plaintiff has since filed two Notices of Change of Address (ECF Nos. 7, 11), which indicate his release from state custody, but *after* he "brought" this suit while he was incarcerated at RJD. *See* ECF No. 1; 28 U.S.C. § 1915(g); *Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir. 2005) ("The language of § 1915(g) does not limit the type of facility in which a plaintiff must be detained when the prior actions were filed," but it does "state[] that a prisoner may not proceed IFP if the three dismissed actions were filed while [he] was "incarcerated or detained in any facility.""); *see also Gibson v. City Municipality of New York*, 692 F.3d 198, 201 (2d Cir. 2012) ("We have previously made clear that the relevant time at which a person must be "a prisoner" . . . is "the moment the plaintiff files his complaint.""); *Harris v. City of New York*, 607 F.3d 18, 22 (2d Cir. 2010) (rejecting argument that "§ 1915(g) no longer applies once a prisoner has been released").

1
2
      fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

3
4
28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

5
6
7
8
9
10
11
12
13
      "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or fail[ed] to state a claim." *Id.* at 1116 n.1 (internal quotations omitted). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
      As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has ascertained that it does not contain "plausible allegations" which suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) [hereinafter *Cervantes*] (quoting 28 U.S.C. § 1915(g)). Instead, both Plaintiff's Complaint and his Motion for Preliminary Injunction contain wholly incredible allegations that prison officials at RJD have used and continue to use "cellular radio frequencies" and an "electronic transmitting device . . . known as computer (RF) scan technology" to "collect[] [his] thought process in words on a computer screen," to download them on computer hard drives, and to "program[] their electronic radio frequenc[ies] . . . to burn 2 hole[s] through [his] back upper left shoulder." (ECF No. 1 at 8-9; *see also* ECF No. 13 at 5, 12.) Plaintiff further alleges Defendants' use of this "non-conventional force technique" has "elevated [his] body temperature to a dangerous level of 115 degrees;" caused memory loss, "bruising around [his] eyes," abdominal pain, facial distortion, and lower back pain; and has "interrupt[ed] his cognitive ability to reason." (ECF No. 1 at 9.) Such implausible allegations are

insufficient to support any claim of "imminent danger." *See Cervantes*, 493 F.3d at 1057 n. 11 ("Courts . . . deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." (alteration in original) (citing another source)); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (refusing to find "imminent danger" based on "conclusory assertions that defendants were trying to kill [the inmate] by forcing him to work in extreme weather conditions despite his blood pressure condition"); *see also Holz v. McFadden*, No. ED CV 07-1410-DSF (PJW), 2010 WL 3069745, at *3 (C.D. Cal. May 21, 2010) ("[M]erely alleging that the government is going to murder you is not enough to pass through the gateway of the imminent danger exception to § 1915(g).").

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Thus, this Court takes judicial notice that Plaintiff Lance R. Martin, a prisoner at RJD and identified as CDCR Inmate # E-17299 at the time he filed this action (ECF No. 1), has brought, while incarcerated, more than three prior civil actions and appeals which have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g).

They are:

1) *Martin v. Giurbino*, No. 3:13-cv-01430-JAH-BGS (S.D. Cal. Mar. 6, 2014) (Order Denying Plaintiff's Motion for Preliminary Injunction and Dismissing Second Amended Complaint as Frivolous Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A) (ECF No. 19) (strike one);[2]

---

[2] Plaintiff filed an appeal of this Order to the Ninth Circuit Court of Appeals. (ECF No. 21.) The Ninth Circuit agreed with the District Court's finding that the appeal was not taken in good faith, found the appeal frivolous, and revoked Plaintiff's IFP status. (ECF

2) *Martin v. Harrinston*, No. 3:14-cv-02914-BEN-PCL (S.D. Cal. July 13, 2015) (Order *Sua Sponte* Dismissing Second Amended Complaint for Failing to State a Claim Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A) (ECF No. 22) (strike two);[3]

3) *Martin v. Culinary Cook Post*, No. 3:15-cv-00472-BEN-JMA (S.D. Cal. Apr. 20, 2015) (Order Denying Plaintiff's Motion for Preliminary Injunction and Dismissing First Amended Complaint as Frivolous Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A) (ECF No. 18) (strike three);[4]

4) *Martin v. Paramo*, No. 3:15-cv-02492-BTM-PCL (S.D. Cal. Dec. 28, 2015) (Order Denying Plaintiff's Motion to Proceed *In Forma Pauperis* as Barred by 28 U.S.C. § 1915(g) and Dismissing Complaint as Frivolous Pursuant to 28 U.S.C. § 1915A) (ECF No. 6) (strike four);[5] and

---

No. 26.) The appeal was later dismissed based on Plaintiff's failure to prosecute by paying appellate filing fees. (ECF No. 27.)

[3] Plaintiff also filed an appeal of this Order to the Ninth Circuit Court of Appeals. (ECF Nos. 24, 25.) That appeal remains pending at this time. (*See id.*) However, this Court's dismissal still counts as a "strike" under § 1915(g). *See Coleman*, 135 S. Ct. at 1765 (holding that a "prisoner who has accumulated three prior qualifying dismissals under § 1915(g) may not file an additional suit [IFP] while his appeal of one such dismissal is pending.").

[4] Plaintiff also filed an appeal of this Order to the Ninth Circuit Court of Appeals. (ECF No. 26.) The Ninth Circuit agreed with the District Court's finding that the appeal was not taken in good faith, found the appeal frivolous, and revoked Plaintiff's IFP status. (ECF No. 30.) The appeal was later dismissed based on Plaintiff's failure to prosecute by paying the required appellate filing fees. (ECF No. 31.)

[5] Plaintiff filed an appeal of this Order to the Ninth Circuit Court of Appeals. (ECF No. 9.) The Ninth Circuit found the appeal frivolous and denied his request to proceed IFP on appeal. (ECF No. 13.) The appeal was later dismissed based on Plaintiff's failure to prosecute by paying the appellate filing fees. (ECF No. 14.)

5) *Martin v. Juarez*, No. 3:15-cv-02501-CAB-NLS (S.D. Cal. Jan. 15, 2016) (Order Denying Plaintiff Motion to Proceed *In Forma Pauperis* as Barred by 28 U.S.C. § 1915(g), Denying Motion for Preliminary Injunction, and Dismissing Civil Action as Frivolous Pursuant to 28 U.S.C. § 1915A(b)(1)) (ECF No. 12) (strike five).[6]

Accordingly, because Plaintiff has, while incarcerated, accumulated more than the three "strikes" permitted pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced "imminent danger of serious physical injury" at the time he filed this action, he is not entitled to the privilege of proceeding IFP in this action. *See Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status").

## II. *Sua Sponte* Screening per 28 U.S.C. § 1915A

While Plaintiff has been denied leave to commence this civil action without prepayment of the $400 civil filing fee required by 28 U.S.C. § 1914(a), the Court also elects to conduct a *sua sponte* review of Plaintiff's Complaint because he was "incarcerated or detained in any facility [and] is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program" at the time he filed this action. *See* 28 U.S.C. § 1915A(a), (c). Section 1915A, also enacted as part of PLRA, requires *sua sponte* dismissal of prisoner complaints, or any portions thereof, which are "frivolous, malicious,

---

[6] Plaintiff filed a premature Notice of Appeal in this case, which was dismissed for lack of jurisdiction by the Ninth Circuit in Appeal No. 16-55073 on April 5, 2016. (ECF Nos. 9, 18.) The mandate as to that appeal issued on May 3, 2016. (ECF No. 22.) However, Plaintiff also filed an amended Notice of Appeal challenging the January 15, 2016 final judgment. (ECF No. 17.) That "new appeal" has been assigned Appeal No. 16-55525 and is still pending before the Ninth Circuit. (ECF Nos. 19-21.) Regardless of the outcome of the new appeal, however, Judge Bencivengo's Order of Dismissal may still be counted as a strike against Plaintiff under § 1915(g). *See Coleman*, 135 S. Ct. at 1765.

or fail[] to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b); *Coleman*, 135 S. Ct. at 1764. "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (internal citation omitted).

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A pleading is "factual[ly] frivolous[]" under § 1915A(b)(1) if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When determining whether a complaint is frivolous, the court need not accept the allegations as true, but must "pierce the veil of the complaint's factual allegations," *Neitzke*, 490 U.S. at 327, to determine whether they are "'fanciful,' 'fantastic,' [or] 'delusional,'" *Denton*, 504 U.S. at 33 (quoting *Neitzke*, 490 U.S. at 325-28).

Here, the Court finds that Plaintiff's claims are patently frivolous. As noted above, Plaintiff's Complaint contains irrational and incredible allegations that prison officials at RJD used cellular radio frequencies and continuous electronic monitoring devices upon him to "burn a hole through [his] back upper left shoulder," cause the separation of the joints in his shoulder, and elevate his body temperature to 115 degrees. (ECF No. 1 at 8-9.) Plaintiff further contends Defendants used the same devices to monitor, "dissuade," and "coerce" his family members to "ostracize" him. (*Id.* at 10.) These allegations "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33. Accordingly, Plaintiff's Complaint requires dismissal as frivolous and without leave to amend. *See Lopez v. Smith* 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) (noting that if a claim is classified as frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend.").

### III. Motion for Preliminary Injunction

Plaintiff also seeks emergency injunctive relief enjoining Defendants from "physically torturing [him] with their electronic transmitting device." (ECF No. 13.) He also requests "judicial notice" that he has been paroled but continues to be electronically monitored by RJD officials and, as a result, now has "radiating pain down his left arm" and an "extreme front tooth ache loosening it up now ready to fall out." (ECF No. 10.)

Plaintiff claims "there is a reasonable likelihood that [he] will prevail on the merits," and that he faced and continues to face a "substantial threat of irreparable harm" after his release on parole, including "glenohumeral joint arthritis," "deformity," weight loss, psychological trauma, and "vascular damage to his aortic valve," as a result of Defendants' "illegal use of non-conventional unnecessary force" and the "electronic transmitting device listed in 2011 Penal Code Section 9002(d) and 9002(e)." (ECF No. 13 at 1, 3, 5, 8.)[7]

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Because the Court has found Plaintiff's claims frivolous, "there is by definition no merit

---

[7] Section 9002 of the California Penal Code describes the duties and immunities of the State's Sex Offender Management Board, but the statute does not provide for the type of electronic monitoring Plaintiff describes in either his Complaint or his motion seeking injunctive relief. *See* CAL. PENAL CODE § 9002(a)-(c). However, another provision of the Penal Code does permit "the use of electronic monitoring or supervising devices" for persons convicted "for any felony violation of a 'registerable sex offense'" as a condition of parole. *See* CAL. PENAL CODE § 3004(a), (b). However, even if the Court were to assume Plaintiff is a sex offender currently subject to electronic monitoring as a condition of his parole, the factual allegations in both his Complaint and Motion for Preliminary Injunction focus only on the purported physical and psychological *effects* of that monitoring on his body and mind and are still "irrational" and "wholly incredible." *Denton*, 504 U.S. at 33.

to [his] underlying action," *Lopez*, 203 F.3d at 1127 n.8, and therefore, no likelihood that he can prevail on the merits. *Winter*, 555 U.S. at 20; *Fournier v. Gomez*, No. C-93-3264, 1993 WL 483198, at *3 (N.D. Cal. Nov. 15, 1993) (denying prisoner's motion for emergency injunctive relief because "[a]s plaintiff's allegations are legally frivolous, neither a probability of success on the merits nor likelihood of irreparable injury is indicated").

For these reasons, Plaintiff's Motion for Preliminary Injunction (ECF No. 13) must be denied. Plaintiff's Request for Judicial Notice is also denied. (ECF No. 10.)

## IV. Motion Consenting to Magistrate Judge

Plaintiff has also filed a motion and supplemental documents expressing his desire to consent to a magistrate judge's jurisdiction in this case. (ECF Nos. 4, 6, 9.) While the Federal Magistrate Act provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court," 28 U.S.C. § 636(c)(1), the Defendants in this matter have not yet appeared and the Court has found the case subject to immediate *sua sponte* dismissal as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). Therefore, Plaintiff's Motion Consenting to Magistrate Judge (ECF No. 4) is moot.

## V. Conclusion and Order

For the reasons set forth above, the Court hereby:

(1) **DENIES** Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) as barred by 28 U.S.C. § 1915(g);

(2) **DENIES** Plaintiff's Motion for Preliminary Injunction (ECF No. 13);

(3) **DENIES** Plaintiff's Request for Judicial Notice (ECF No. 10);

(4) **DENIES** Plaintiff's Motion and Supplemental Requests Consenting to Magistrate Judge (ECF Nos. 4, 6, 9);

(5) **DISMISSES** this civil action *sua sponte* as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and without leave to amend; and

1     (6)   **CERTIFIES** that an IFP appeal from this Order would also be frivolous and therefore could not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

**IT IS SO ORDERED.**

Dated: 6/02, 2016

HON. ROGER T. BENITEZ
United States District Judge